[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11242
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 19, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-20936-MGC

ELDRICK BROWN,

Plaintiff-Appellee,

versus

RODERICK PASSMORE,
Pin # 5532
WILLIAM GOINS,
Pin# 2372
DARION WILLIAMS,
Pin# 7647
WILLIAM COOK,
Pin# 1184

Defendants-Appellants,

REGINALD KINCHEN,
Sgt., Pin# 3622

Defendant.

Appeal from the United States District Court
for the Southern District of Florida

(September 19, 2011)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Roderick Passmore, Darion Williams, William Cook, and William Goins, officers with the Miami Police Department (collectively, "Defendants"), appeal the district court's denial of their motion for summary judgment based on qualified immunity. Eldrick Brown filed a *pro se* 42 U.S.C. § 1983 civil rights complaint against Defendants, alleging that they entered and searched his house without a warrant in violation of the Fourth Amendment. The parties offered different versions of the event. Defendants allege that (1) they observed Brown and another individual engaging in suspected drug sales outside the residence; (2) when Brown fled into his residence, two officers, who are not named defendants, pursued and arrested Brown; (3) the two officers then observed drugs in plain view inside the residence; and (4) the named Defendants had no involvement with the entry and search of Brown's residence or his arrest. Brown, however, claims that he was sleeping and was not selling drugs, the officers did not find drugs in his house or

2

on his person, and the officers entered and searched his house without a warrant or exigent circumstances. Based on these conflicting accounts and inconsistencies in Defendants' evidentiary exhibits, the district court found that there were genuine issues of fact that precluded summary judgment.

Defendants argue that the district court erred in denying summary judgment because, based on the "undisputed facts," there was arguable probable cause and exigent circumstances to search the premises without a warrant. They also assert that Brown's contention that no drugs were in the home is immaterial because the appeal does not involve a challenge to his arrest, but to the lawfulness of the search. Defendants claim that the law was not clearly established regarding the "undisputed circumstances" of the search, and thus they were entitled to qualified immunity and summary judgment.

"We review the denial of summary judgment on qualified immunity grounds *de novo*," *Reams v. Irvin*, 561 F.3d 1258, 1262–63 (11th Cir. 2009), considering

> all evidence and reasonable factual inferences drawn therefrom in a light most favorable to the non-moving party. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

*Crawford v. Carroll*, 529 F.3d 961, 964 (11th Cir. 2008) (citations omitted). "The

moving party bears the initial burden of showing the court . . . that there are no genuine issues of material fact that should be decided at trial." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1313 (11th Cir. 2007).

Once the moving party satisfies that initial showing, the burden of persuasion shifts to the non-moving party to produce evidence to establish the existence of a genuine issue for trial. *See id.* at 1314. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted). When there are opposing versions of the facts, and one version is "blatantly contradicted by the record," a court should not consider the contradicted version in deciding a motion for summary judgment. *Id.*

To state a claim under § 1983, a plaintiff must establish that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Under the Fourth Amendment, warrantless searches and seizures in a home are presumptively unreasonable, and thus deprive individuals of the right the amendment secures. *Bates v. Harvey*, 518 F.3d 1233, 1239 (11th Cir. 2008). The search or seizure is lawful "only when some exception to the warrant requirement—such as consent or

4

exigent circumstances—exists." *Id.* Exigent circumstances include, *inter alia*, "hot pursuit of a suspect [and] risk of removal or destruction of evidence." *Id.* at 1245.

Although Defendants phrase the issue as whether they were entitled to qualified immunity based on the "undisputed" facts, they do not address the findings of the district court—i.e., that there were a number of specific genuine issues of fact. For example, Defendants presented a version of facts in which they observed Brown and another individual engaging in suspected drug transactions outside of Brown's residence. When the officers approached Brown, they claim he fled into his residence. At that point, two officers who are not named defendants pursued Brown, arrested him, and viewed drugs on a table. Defendants assert that none of the named Defendants arrested Brown or entered his residence.

Brown, however, testified under oath at his deposition to a different version of the facts. Brown testified that he was sleeping when Defendants forced entry into his residence without a warrant, where they searched his entire residence and, in the process, damaged his belongings. Brown is adamant that the officers found no drugs within his house. Under Brown's version of the facts, Defendants violated his Fourth Amendment rights by searching his house without a warrant, consent, or exigent circumstances. *See id.* at 1239. Based on these conflicting

accounts, the district court did not err in denying summary judgment.

We also note that Defendants' reliance on *Harris* is misplaced. Specifically, in *Harris* the defendant police officers introduced an objective piece of evidence—a videotape—which blatantly contradicted the plaintiff's version of the facts. *Harris*, 550 U.S. at 378–80 (explaining how the videotape of the car chase clearly contradicted the plaintiff's contention that he was not driving in a manner that endangered pedestrians or other motorists, and, accordingly, the court need not credit that statement). In the instant case, Defendants' only objective evidence is the property receipt and court documents—both of which contain discrepancies. While the property receipt *would* support Defendants' assertion that drugs were found at Brown's residence, it is dated one day *before* Brown's arrest. It also lists only one green bag of cocaine, while the arrest affidavit lists fifteen. Defendants did not explain, either to the district court or on appeal, why their evidence showed the drugs in police possession one day before they were allegedly found in Brown's residence, or why there was a discrepancy in the number of bags purportedly seized. The property receipt does not clearly support Defendants' version of the facts, as did the videotape in *Harris*.

Moreover, the court documents contradict Defendants' version of the facts and supported Brown's version. Specifically, the resisting-arrest charge (to which

Brown pleaded guilty) stated that Brown resisted "Officer R. Passmore." This objective evidence clearly contradicts Defendants' contentions, as they all claim that none of them interacted with Brown. Defendants have not explained how Passmore allegedly did not have contact with Brown, yet Brown was charged with resisting Passmore. Thus, this exhibit supports Brown's claim that he had direct contact with Passmore.

Because there is no objective evidence that "blatantly" contradicts Brown's version, the district court was correct in viewing the facts in the light most favorable to Brown, the non-moving party. The district court did not err in finding that there were genuine issues of material fact, and appropriately denied Defendants' motion for summary judgment.

**AFFIRMED.**